**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK, LLP
1 SW Columbia Street, Suite 900
Portland, Oregon 97258
Telephone: (503) 412-6725
Fax: (503) 221-1074
      Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY PENSION TRUST, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY HEALTH AND WELFARE TRUST, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY RETIREE HEALTH TRUST, TRUSTEES OF THE UNITED ASSOCIATION LOCAL NO. 290 APPRENTICESHIP AND JOURNEYMEN TRAINING TRUST FUND, TRUSTEES OF THE INTERNATIONAL TRAINING FUND, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY VACATION, SCHOLARSHIP AND EDUCATIONAL REIMBURSEMENT TRUST, TRUSTEES OF THE PLUMBING AND PIPING MANAGEMENT TRUST FUND, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER | Civil No. _____<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Page 1 – **COMPLAINT**

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

AND SHIPFITTER INDUSTRY LABOR MANAGEMENT COOPERATION TRUST, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBERS, STEAMFITTER AND SHIPFITTER INDUSTRY 401(K) PLAN AND TRUST, and PLUMBERS, STEAMFITTERS AND MARINE FITTERS LOCAL NO. 290,

                Plaintiffs,

  v.

METRO MECHANICAL SYSTEMS, LLC,

                Defendant.

Plaintiffs allege:

## I

## THE PARTIES

1.    Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Pension Trust ("Local Pension Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Health and Welfare Trust ("Health Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Retiree Health Trust ("Retiree Health Fund"), the United Association Local 290 Apprenticeship and Journeymen Training Trust Fund ("Local Training Fund"), the International Training Fund ("ITF"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Vacation, Scholarship and Educational Reimbursement Trust ("VSE Fund"), the Plumbing and Piping Management Trust Fund ("Management Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter

Page 2 – **COMPLAINT**

Industry Labor Management Cooperation Trust ("Cooperation Trust"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry 401(k) Plan and Trust ("401(k) Fund"), (collectively, "Trust Funds") and Plumbers, Steamfitters and Marine Fitters Local No. 290 ("Union").

2.  The National Pension Fund, Local Pension Fund and 401(k) Fund are "employee pension benefit plans" as that term is defined in 29 U.S.C. §1002(2)(A) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. §1002(1) of ERISA.

3.  Numerous employers pay fringe benefit contributions to the National Pension Fund, Local Pension Fund, 401(k) Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. §1002(37)(A) of ERISA.

4.  The Trustees of the National Pension Fund, Local Pension Fund, 401(k) Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund have discretionary authority to control and manage these funds and are "fiduciaries" of these funds as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

5.  The Management Fund is a trust fund created pursuant to a Trust Agreement and is governed by a board of trustees.  Employers signatory to or bound by collective bargaining agreements with the Union make monetary contributions to the Management Fund and the monetary contributions are used to promote and provide support services to the plumbing and pipefitting industries in Oregon, southwest Washington and northern California.

Page 3 – **COMPLAINT**

6. The Cooperation Trust is a trust fund created pursuant to a trust agreement and governed by a board of trustees. Employers signatory to or bound by collective bargaining agreements with the Union make monetary contributions to the Cooperation Trust and the monetary contributions are used to operate a labor-management cooperation committee consistent with the requirements of 29 U.S.C. §175a of the Labor-Management Relations Act ("LMRA").

7. The Union is a "labor organization" as that term is defined in 29 U.S.C. §152(5) of the LMRA and has with its principal office and place of business in Washington County, Oregon.

8. Defendant is a Washington limited liability company. At all times material to this proceeding (September 1, 2015, to date), defendant was an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act ("LMRA") and 29 U.S.C. § 1002(5) of ERISA, which was engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

II

**JURISDICTION**

9. The Court has jurisdiction over the Claims for Relief brought by the Trustees of the National Pension Fund, Local Pension Fund, 401(k) Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund against defendant for violation of 29 U.S.C. §§1132 (a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. §1132(e)(1) of ERISA.

10. At all times material to this proceeding (September 1, 2015, to date), defendant was signatory to or bound by a collective bargaining agreement with the Union. The collective

Page 4 – **COMPLAINT**

bargaining agreement covers employees in an industry affecting commerce, and the activities of defendants affect commerce. The Court has jurisdiction over the Claims for Relief brought by each plaintiff against defendants for breach of the collective bargaining agreement pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

## III

## JOINDER

11. The obligations of defendant to plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims that each plaintiff has against defendant.

## IV

## FIRST CLAIM FOR RELIEF

12. At all times material to this proceeding (September 1, 2015, to date), defendant has been bound by a written collective bargaining agreement with the Union. Under the terms of the collective bargaining agreement, defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds. Defendant further agreed to pay fringe benefit contributions on behalf of its employees who performed work covered by the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union dues to the Union. Defendant further agreed to file its monthly remittance report forms and to pay its monthly fringe benefit contributions and union dues to plaintiffs by the due date.

13. The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe

Page 5 – **COMPLAINT**

benefit contributions from the date each contribution became due until paid, and liquidated damages. For all Trust Funds, interest is calculated at 12% per annum from the due date, until paid, and liquidated damages are assessed at 10% of the delinquent or late paid contributions, or $10 per month, whichever is greater.

14. The collective bargaining agreement between the Union and defendant provides that the Union is entitled to recover the delinquent union dues, interest on the delinquent or late paid union dues from the date each payment became due until paid at the rate of nine percent per annum, and liquidated damages in an amount equal to 10% of the delinquent or late paid union dues.

15. Defendant has not filed its April 2020 through July 2020 remittance report forms, nor paid its required fringe benefit contributions and union dues for those months. The time for doing so has expired. Defendant should be required to file said remittance report forms, together with all remittance reports that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed to these plaintiffs based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues from the date each payment became due, until paid, and pay liquidated damages on the delinquent fringe benefit contributions and union dues.

16. The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to their reasonable attorney fees. The Trustees of the Trust Funds are entitled to recover their reasonable attorney fees from defendant.

Page 6 – **COMPLAINT**

17.     The Trustees of the National Pension Fund, Local Pension Fund, 401(k) Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund are entitled to recover their reasonable attorney fees pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

18.     The collective bargaining agreement between the Union and defendant provides that, in the event legal proceedings are instituted to recover delinquent union dues, the Union is entitled to recover its reasonable attorney fees.  Based on the provisions of the collective bargaining agreement, the Union is entitled to recover its reasonable attorney fees from defendant.

**V**

**SECOND CLAIM FOR RELIEF**

19.     Plaintiffs (except the National Pension Fund and International Training Fund) hereby reallege and incorporate by reference paragraphs 1 through 18 as though fully set forth herein.

20.     Defendant failed to timely pay its fringe benefit contributions to the 401(k) Fund for work performed in December 2017, December 2018, November 2019, February 2020 and March 2020 and failed to timely pay its fringe benefit contributions and union dues to all plaintiffs other than the 401(k) Fund, National Pension Fund and International Training Fund for work performed in September 2015, January 2016, November 2017, March 2018, April 2018, November 2018, January 2019, February 2019, February 2020 and March 2020.

Page 7 – **COMPLAINT**

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

21. As a result of these late payments, defendant owes $31,423.93 in interest and liquidated damages to all plaintiffs except the National Pension Fund and International Training Fund.

22. The Trustees of the Trust Funds (except the National Pension Fund and International Training Fund) are entitled to recover their reasonable attorney fees from defendant pursuant to the provisions of the Trust Agreements.

23. The Trustees of the Local Pension Fund, 401(k) Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund are entitled to recover their reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

WHEREFORE, plaintiffs pray for a decree and judgment against defendants as follows:

1. On the **First Claim for Relief**, requiring defendant to file its April 2020 through July 2020 remittance report forms, together with all remittance reports that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed to plaintiffs based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions and union dues;

2. On the **Second Claim for Relief**, requiring defendant to pay $31,423.93 in interest and liquidated damages to all plaintiffs except the National Pension Fund and International Training Fund;

Page 8 – **COMPLAINT**

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

3. Requiring defendant to pay the Trust Funds' reasonable attorney fees

4. Requiring defendant to pay plaintiffs' costs and disbursements incurred herein;

and

5. For such further equitable relief as the Court deems just and proper.

DATED this 9th day of September 2020.

        **BROWNSTEIN RASK, LLP**

        */s/ Cary R. Cadonau*
        Cary R. Cadonau, OSB #002245
        Attorney for Plaintiffs

Page 9 – **COMPLAINT**

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com